# STAPLES v. STAPLES (1).*

### EQUITY; BILLS OF REVIEW; NEWLY DISCOVERED EVIDENCE.

An order vacating an order granting leave to file a bill of review on the ground of newly discovered evidence, and denying leave to file such a bill, was affirmed, it not appearing to this court that the lower court erred in its ruling that a sufficient showing had not been made that the alleged newly discovered evidence could not have been produced on the first hearing by the exercise of due diligence.

No. 2663.   Submitted January 4, 1915.   Decided February 1, 1915.

HEARING on an appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia, holding an equity court, vacating a prior order granting leave to file a bill of review and denying leave to file the bill.        *Affirmed.*

*Bill of Review—Newly Discovered Evidence.*—The authorities passing upon right to bill of review for newly discovered evidence are presented in the note to *Smith* v. *Rucker,* 30 L.R.A.(N.S.) 1030.

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree dismissing a bill to review a decree granting a divorce on the cross bill of the defendant.

Charles W. Staples filed a bill for divorce from his wife, Mary M. Staples, on the ground of adultery with one Edward J. Hoffmeister, who was named as co-respondent.

Both defendants answered, specifically denying the charges of the bill, and defendant Mary M. Staples filed a cross bill for separation on the ground of cruelty.

The court, on May 5, 1913, entered a decree dismissing the bill of plaintiff, and sustaining cross bill of the defendant.

October 29, 1913, plaintiff filed a petition for leave to file a bill of review alleging newly discovered evidence, accompanied by several affidavits tending to show misconduct by defendant unknown to plaintiff at the former trial.

Leave to file was granted October 29th, and it was further ordered that the petition for leave may stand as said bill of review. Defendant answered, denying the charges made, and also affidavits tending to show that defendant's counsel were not informed of the date of ordering said petition for leave, and could not be present at the hearing thereof.

Defendant moved November 7, 1913, to vacate the order for leave to file the bill.

The record consists of many affidavits, some concerning evidence that was heard on the former trial.

On hearing, January 7, 1914, the court entered a decree vacating the order and denying the leave. From this the plaintiff has appealed.

*Mr. Webster Ballinger* for the appellant.

*Mr. W. G. Gardiner* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

It is unnecessary to review the various affidavits in this case.

some of which purport to set out the evidence submitted on the former hearing. It would serve no useful purpose to recite the contents of these affidavits which are filled with charges of misconduct.

It did not appear to the court below that the newly discovered facts could not have been produced on the former hearing by the exercise of due diligence.

We are unable to perceive anything in the record on which error can be founded, and the decree is affirmed with costs.

*Affirmed.*